UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12198-REK

)
UTICA MUTUAL INSURANCE GROUP, )
                Plaintiff, )
  v. )
)
VINCENZO PREZIOSO and JOSEPHINE )
PREZIOSO, d/b/a JOSIE'S PIZZA, )
                Defendants. )
)

## ANSWER AND JURY TRIAL DEMAND

The defendant Josephine Prezioso answers the numbered paragraphs of the plaintiff's Complaint for Declaratory Relief as follows:

1.    The defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

2.    Admits as to Josephine Prezioso; denies as to Vincenzo Prezioso. Mr. Prezioso died in 1995.

3.    The defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

4.    Denies, and further states that a tenant owns and operates a pizzeria and restaurant at the property.

5.    Admits that Josephine and Vincenzo Prezioso purchased the property in 1980 and that they operated a pizzeria and restaurant for several years; otherwise denies.

6.    Admits that the property had been so used at some point before they purchased it, but the defendant is without knowledge or information sufficient to form a belief as to the truth of the averment regarding the period or ending date of the use.

7. Upon information and belief: admits.

8. Admits that certain records so reflect.

9. Admits, except denies that MADEP explicitly qualified the release as that "described in a 1987 environmental site assessment report and reported to the MADEP in 1988".

10. Admits that Zecco prepared such a report and that the report so stated and indicated, but denies that MADEP referred to the report in its June 30, 1995 claim. As to the fourth sentence, admits upon information and belief that a 550-gallon fuel oil tank may remain at the property.

11. As to the first sentence, admits as to Mrs. Prezioso; otherwise, denies. As to the second sentence, admits that the GMRC report so states.

12. Admits that the GMRC report so states.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

15. Admits that Josephine Prezioso is so insured and so alleges; further admits that Josephine and Vincenzo Prezioso were insured under those policies; otherwise, denies as to Vincenzo Prezioso.

16. Admits that Josephine Prezioso so tendered and requested; denies as to Vincenzo Prezioso.

17. Admits that the plaintiff agreed to participate with Sentry Insurance to defend Josephine Prezioso; otherwise, denies.

18. The defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

20. The defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

21. Denies.

22. The defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

23. The defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

24. Denies.

25. Denies.

### **FIRST DEFENSE**

The Complaint for Declaratory Relief should be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, the defendant Josephine Prezioso requests that this Court:

1. Dismiss the Complaint For Declaratory Relief with prejudice;

2. Declare that the plaintiff remains obligated to defend her against DEP's claim, and may be obligated to indemnify her against that claim, under the policy.

3. Award her attorney's fees pursuant to Hanover Insurance Co. v. Golden, 436 Mass. 584 (2002), Rubenstein v. Royal Insurance Co. of America, 429 Mass. 355 (1999), and

<u>Preferred Mutual Insurance Co. v. Gamache</u>, 426 Mass. 93 (1997), together with costs and interest; and

    4.    Award her such other relief as is just and appropriate.

**THE DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

By her attorney,

*/s/ Arthur P. Kreiger*

Arthur P. Kreiger (BBO #279870)
ANDERSON & KREIGER LLP
43 Thorndike Street
Cambridge, MA  02141
(617) 252-6575

Dated: February 7, 2005

**CERTIFICATE OF SERVICE**

I certify that I served this Answer and Jury Trial Demand on the plaintiff by faxing it to its counsel of record (pursuant to counsel's agreement) on this 7th day of February, 2005.

Arthur P. Kreiger

prez\ins\p\answer