UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UTICA MUTUAL INSURANCE GROUP,           * | |
|               Plaintiff       * | |
| vs.                                     * | CIVIL ACTION |
|                                             * | NO. 04-12198-REK |
| JOSEPHINE PREZIOSO, d/b/a JOSIE'S PIZZA, * | |
|               Defendant      * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF UTICA MUTUAL INSURANCE GROUP'S
REQUEST FOR PRODUCTION OF DOCUMENTS BY DEFENDANT JOSEPHINE
PREZIOSO d/b/a JOSIE'S PIZZA**

     The plaintiff, Utica National Insurance Group, pursuant to Fed. R. Civ. P. 34, propounds the following Requests for Production of Documents by the defendant, Josephine Prezioso d/b/a Josie's Pizza, in accordance with the following Definitions and Instructions.

## DEFINITIONS

1.     The term "Documents" as used herein shall mean all written or graphic material of any medium upon which intelligence or information can be recorded or returned of every type and description, however produced or reproduced, in the actual or constructive possession, custody, or control of the defendant, including, but not limited to, documents accessible at said defendant's request, wherever located. "Documents" shall include, without limitation, the originals and any and all nonidentical copies of books, periodicals, circulars, manuals, records, contracts, notes, memoranda (including written memoranda or notes of telephone conversations, other conversations, discussions, agreements, acts, or activities), written statements (signed or unsigned), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notice statements, cancelled checks, check stubs, book ledgers, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, reports, intra-office communications (whether prepared by the defendant for its own use or for transmittal), tapes or disks (whether video, audio, or other magnetic information source), and any other written, printed, punched, loaded tapes, or drawn materials, however produced.

2. The term "Communication" as used herein means the oral or written exchange of words, thoughts, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by telex or by any other process, electronic or otherwise. "Communications" in writing shall include, without limitation, printed, typed, handwritten, or otherwise readable documents, correspondence, conversations, dialogues, discussions, consultations, agreements, memoranda, reports, contracts, drafts (both initial and subsequent), diaries, logbooks, minutes, notes, studies, surveys and forecasts, and any and all nonidentical copies thereof.

3. The terms "you" or "your" refer to the defendant Josephine Prezioso, individually and as owner/operator of Josie's Pizza in conjunction with Vincenzo Prezioso, and its predecessors, agents, servants, employees, consultants, parent-companies, subsidiaries or any others who have or who are now acting or purporting to act for or on its behalf.

4. The term "person" means all natural persons and all artificial persons of any kind, including, but not limited to, corporations, unincorporated associations, business trusts, or other entities separately identified, no matter how organized.

5. The term "relating to" shall mean directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, referring or relating to in any way.

6. The term "date" shall mean the exact date, month, and year, if ascertainable, or if not, the best approximation thereof.

7. "Identify," when used in connection with natural persons, shall mean the full name, present business address, present home address, and the positions held by that person within the time period covered by these Requests.

8. "Identify," when used in connection with documents, shall mean identification in a form adequate for a specific demand for production, e.g., by author, addressee, title, and date. Unless otherwise indicated, documents to be identified shall include documents in your possession, custody, and control, wherever located, whether in or outside of the United States.

9. "Identify," when used in connection with a communication, shall mean identification of the form of such communication, the persons making and receiving such communication, the date, place, substance of, and the circumstances under which such communication was made.

10. "Utica" means the plaintiff, Utica Mutual Insurance Group, its agents, servants, employees, consultants, parent companies and subsidiaries.

11. "The Site" means the real property located at 932 Salem Street in Malden, Massachusetts.

12. The term "Release" means any intentional, unintentional, or accidental spilling, dumping, leaking, leaching, or transferring of any hazardous substance, fuel oil, or gasoline, or its components, into the uncontrolled, natural environment.

13. The terms "hazardous materials", "oil", "operator", "assess", "environment", and "release" are to be interpreted as defined in M.G.L. c. 21E, §2.

14. The term "sudden and accidental" when used to describe a release applied to those releases that are both unexpected and abrupt in the temporal sense.

15. The term "remediate" encompasses the terms "remove", "removal", "response" and "response action" as defined in M.G.L. c. 21E, §2.

16. The term "alleged policies" refers to any and all policies of insurance referred to or alleged in the complaint.

17. Any terms not specifically defined above are to be given their usual and ordinary meaning.

## INSTRUCTIONS

1. If any Request requires information that you claim to be privileged in any respect, then in lieu of your answer, and after stating your objection, please state and identify:

    a. the nature of the privilege on which the objection is based;

    b. the factual basis for the claim of privilege;

    c. if applicable, the identity of each alleged privileged document;

    d. if applicable, the identity of each person present when the alleged privileged communication occurred;

    e. if applicable, when and where the alleged privileged communication occurred; and

    f.    if applicable, the general subject matter of the alleged privileged communication.

2. This request constitutes a continuing discovery request in accordance with Fed. R. Civ. P. 26 for information and documentation responsive to these interrogatories. The Plaintiff is under a duty to supplement this response seasonably with respect to any request addressed to:

    a.    the identity and location of persons having knowledge of discoverable matters; and

    b.    the identity and location of documents called for in these requests.

3. You are also under a duty to amend reasonably a prior response if you obtain information, which makes you cognizant of the fact that:

    a.    the response was incorrect when made; or,

    b.    the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, knowing concealment.

## REQUESTS

## REQUEST NO. 1

All maps, area photographs, surveys, plot plans, or other documents showing the boundaries, physical features, structures, wells, monitoring wells, excavations, construction, installations, or equipment at the Site.

## REQUEST NO. 2

All reports, correspondence, memoranda, or other notes containing the information, data, or test results that refer, reflect or otherwise relate to alleged contamination or other site conditions at the Site.

## REQUEST NO. 3

All reports, correspondence, memoranda, notes, and other communications between you, including your representatives, attorneys, engineers, agents, and the Massachusetts Department of Environmental Protection, local building departments,

local fire departments, the United States Environmental Protection Agency, local conservation commissions, local police, or the press relating to:

    a) site conditions, including alleged contamination at the Site;
    b) remediation efforts at the Site;
    c) excavation or construction at the Site;
    d) alleged releases of hazardous materials at the Site; and
    e) proposed or potential land use restrictions on the Site.

## REQUEST NO. 4

All photographs, reports, notes, charts, graphs, and drawings related to removal, leaks or releases from equipment at the Site.

## REQUEST NO. 5

All affidavits, statements, notes of interviews of witnesses or potential witnesses of remediation of the site, of alleged contamination of the site, of site conditions at the Site or any of the allegations of the Complaint.

## REQUEST NO. 6

Any report, statement, affidavit, note, memorandum, or other document in which any person expresses the opinion or purported fact that the alleged contamination at the Site was caused by a sudden and accidental release of contaminants.

## REQUEST NO. 7

All statements, invoices, purchase orders, bills or receipts relating to the payments of amounts for legal defense, test, site testing, site remediation, site excavation or any other amount for which defendant seeks reimbursement or payment from Utica in connection with the alleged contamination at the Site.

## REQUEST NO. 8

All statements, purchase orders, estimates, projections or correspondence relating to estimated or expected future cost of complying with orders or of other environmental remediation at the Site.

**REQUEST NO. 9**

Any demand, complaint, or threat received from a third-party alleging liability or potential liability of the defendants in connection with any alleged environmental contamination at or purportedly emanating from the Site.

**REQUEST NO. 10**

All checks, drafts, settlement agreements, settlement correspondence, releases, or other items generated in connection with any settlement, payments or claims against insurance policies for claims relating to the alleged environmental contamination at the Site.

**REQUEST NO. 11**

All correspondence, settlement agreements, releases, settlement checks, drafts or other evidence of payment relating to claims made against any person or entity that had alleged fault or responsibility for causing or contributing to the alleged environmental contamination at the Site.

**REQUEST NO. 12**

All plans, proposals, permits, construction drawings, blue prints, or other items generated in connection with the construction, installation, or modification to structures, equipments, tanks, piping, or other instrumentalities that resulted in the alleged environmental contamination of the Site.

**REQUEST NO. 13**

All complaints, police reports, warrants, correspondence, memoranda, notes, investigative reports, surveillance logs, or other documents generated in connection with investigation of or communication regarding alleged improper or illegal disposal of hazardous materials at the Site.

**REQUEST NO. 14**

All tax returns, accounting worksheets, notes, correspondence, or spreadsheets including or showing the tax affect of costs or expenses involved in the analysis, remediation, or defense of alleged contamination at the Site.

**REQUEST NO. 15**

All documents, reports, test results, studies, charts, maps, or correspondence discussing reporting on, or analyzing the possibility that contamination allegedly has migrated from the Site.

**REQUEST NO. 16**

All diagrams, plans, blue prints, specifications, or proposals for contamination treatment systems utilized or to be utilized at the Site.

**REQUEST NO. 17**

Each and every written communication including demands for coverage, responses to such demands, offers of settlement, settlement agreements, and similar documents, between the defendants and any party to the captioned litigation, their agents, servants, or employees, in any way related to any alleged discharged, release, or contamination at the Site.

**REQUEST NO. 18**

Any and all documents including but not limited to notes, reports, maps, photographs, and diagrams which support your contention that any alleged discharge or release on the Site was "sudden and accidental."

**REQUEST NO. 19**

Any and all documents including but not limited to notes, reports, maps, photographs, and diagrams which support your contention that any substance allegedly discharged or released on the Site has or will migrate off of the property.

**REQUEST NO. 20**

Each and every report or analysis produced by or on behalf of the defendants, or by an expert or outside consultant for the defendants' benefit, or otherwise utilized by the defendant or any other person relating to the investigation of the alleged discharge, release, or contamination at the Site.

**REQUEST NO. 21**

Any and all documents relating to any inspections, investigations, or other evaluations relative to the origin of the alleged discharge or release at the Site.

7

**REQUEST NO. 22**

Any and all documents relating to tests performed at the direction of any party or other person, firm or entity, their servants, agents, employees or consultants relative to any alleged migration of the alleged contamination from the Site to any other property in the vicinity of the Site.

**REQUEST NO. 23**

Any and all documents related to the services rendered by any and all consultants, hydrologist, licensed site engineer or other experts relative to the mediation, response, or removal of contamination from the Site, including but not limited all reports, referrals, service contracts and bills for services.

**REQUEST NO. 24**

Any and all documents, which refer, reflect or relate to payments or reimbursements made by the G.L., c. 21E, §21J Fund for remediation costs at the Site.

**REQUEST NO. 25**

Any all documents, which refer, reflect or relate to any and all efforts by you to identify and/or locate any responsible party with connection with the alleged contamination at the Site.

**REQUEST NO. 26**

Copies of any and all warnings, citations, notices of responsibility or any other correspondence issued by The Department of Environmental Protection as a result of any releases occurring at the Site from 1950 to the present.

**REQUEST NO. 27**

Any and all documents, which refer, relate or reflect the presence of hazardous substances being released into the uncontrolled environment at the Site at any time.

**REQUEST NO. 28**

Any and all written reports, or written records of any and all investigations or evaluations of the Site, made on your behalf relative to the migration of contamination from the Site to abutting property.

**REQUEST NO. 29**

All documents that support all damages, expenses, attorney's fees, remediation expenses, response expenses and any other damages that you claim relative to the alleged contamination of the Site.

        Respectfully submitted,

        UTICA NATIONAL INSURANCE GROUP,
        Defendant

        By Its Attorney:

        _____
        Richard E. Heifetz     BBO #229000
        Danielle M. Maloney   BBO #647527
        TUCKER, HEIFETZ & SALTZMAN, LLP
        Three School Street
        Boston, MA 02108
        617-557-9696
        Dated: February 10, 2005

I hereby certify that I made service
of the foregoing document in accordance
with the provisions of Fed. R. Civ. P. 5.

_____

9