UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
***************************************************
UTICA MUTUAL INSURANCE GROUP,            *
                            Plaintiff,   *
v.                                       *    CIVIL ACTION
                                         *    NO. 04-12198-REK
JOSEPHINE PREZIOSO, d/b/a JOSIE'S PIZZA, *
                            Defendant.   *
***************************************************
```

## JOINT CONFERENCE STATEMENT

Pursuant to Local Rule 16.1(D), and in response to the Court's Notice of Scheduling Conference dated February 8, 2005, the parties submit the following Joint Conference Statement in preparation for the scheduling conference on April 5, 2005.

**I.   Introduction**

*Brief Factual Background*

This lawsuit arises from the alleged contamination of property located at 932 Salem Street, Malden, Massachusetts ("the Site"). Josephine Prezioso owns the property, and a family corporation operated a pizzeria known as Josie's Pizza there during the 1980s. The plaintiff, Utica Mutual Insurance Group ("Utica"), insured the defendant, Josephine Prezioso, d/b/a/ Josie's Pizza, pursuant to a Comprehensive General Liability Insurance Policy, FMP 20166 (the "CGL policy"), for the policy period January 30, 1980 - January 30, 1983, renewed for the period January 30, 1983 - January 30, 1986, and subsequently extended to February 12, 1986.

In 1995-1998, the Massachusetts Department of Environmental Protection ("DEP") asserted a claim against the defendant regarding a release of contaminants at the Site and directed the defendant to obtain a Licensed Site Professional Evaluation Opinion and conduct response actions at the site. Subsequent to this directive, the defendant tendered DEP's claims

against her to Utica, as well as Sentry Insurance, another insurer on the risk, pursuant to her respective insurance policies. The defendant requested a defense and indemnity with respect to these claims. Utica agreed to defend the claim pursuant to a reservation of its rights. Sentry agreed to do so, as well, and the two insurers have been paying the defense costs at the site to date.

Utica's CGL policy is occurrence-based and has the standard pollution exclusion with an exception for sudden and accidental releases. Utica has filed this action to obtain a declaration of its rights under the policy, as it alleges that no release occurred during its policy period nor was any such release sudden and accidental.

Moreover, Utica has learned that, prior to the defendant's ownership of the Site, the property was used as a service station for 25 years. During that time, Exxon Corporation became the owner of the property and, in 1974, reportedly removed three underground gasoline storage tanks and an aboveground waste oil tank. One 500-gallon underground fuel oil tank remains under the property. Exxon/Mobil may be responsible for the alleged gasoline leak rather than Utica's insured. Utica has made a demand to Exxon/Mobil pursuant to G.L. c. 21E, § 4A, with regard to the response actions for the contamination of the property. Exxon/Mobil has denied liability but agreed to discuss the matter further.

Accordingly, Utica brings this action for declaratory relief concerning the rights and responsibilities of the parties relative to the defendant's insurance policy or policies for the Site. In the event that Utica's negotiations with Exxon/Mobil fail, it is likely that Utica will move to amend its Complaint to add Exxon/Mobil as a party defendant.

*Procedural Background*

Utica filed its Complaint for declaratory relief on October 20, 2004. The defendant served her Answer on February 7, 2005. No offers of settlement have been made to date.

**II.    Joint Discovery Plan**

*Utica's Proposed Discovery*

Utica's discovery will include requests for production of documents, interrogatories, and potentially, requests for admission. Utica expects to depose a limited number of witnesses, including Josephine Prezioso, Josie Pizza's Rule 30(b)(6) designee(s) and any witnesses who have knowledge of the nature and timing of the pollution or contamination at issue at the Site; the extent and duration of the pollution; and Josie Pizza's performance of its contractual obligations to the insurers.

*Defendant's Proposed Discovery*

To address Utica's duty to defend her against DEP's claim, the defendant's discovery to Utica will include a request for production of documents, interrogatories, a request for admissions, and/or deposition(s) of Utica's Rule 30(b)(6) designee(s) to confirm Utica's policies for this property. To address Utica's duty to indemnify her against that claim, she may propound discovery to Exxon/Mobil and other third parties who may be responsible for or have knowledge of the contamination of the site.

Accordingly, the parties propose the following discovery schedule:

- Amendments to the Complaint          June 30, 2005
- Non-Expert Discovery Deadline        October 31, 2005
- Mediation                            December 15, 2005
- Designation of Experts               January 30, 2006

3

- Plaintiff's Expert Report      February 28, 2006

- Defendants' Expert Reports      March 31, 2006

- Expert Deposition Deadline      May 15, 2006

**III.   Proposed Schedule for Filing of Motions**

Dispositive motions shall be filed by June 15, 2006.

**IV.   Certifications**

By their signatures below, the plaintiff's counsel and authorized representative affirm that they have conferred:

(a)   with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b)   to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlines in Local Rule 16.4.

By his signature below, the defendant's counsel affirms that he is in the process of conferring with an authorized representative of the client on those matters. He will supplement this certification as required following that conference.

_____
Utica Mutual Insurance Group
By:
Its:

UTICA MUTUAL INSURANCE GROUP,
Plaintiff
By Its Attorneys:

_____
Richard E. Heifetz     BBO #229000
Danielle M. Maloney     BBO #647527
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
617-557-9696

4

                                                                                                        _____

                                            Josephine Prezioso, d/b/a Josie's Pizza  
                                            By:  
                                            Its:

Josephine Prezioso, d/b/a Josie's Pizza  
Defendant  
By her attorney,

*/s/ Arthur P. Kreiger*  
Arthur P. Kreiger     BBO #279870  
ANDERSON & KREIGER LLP  
43 Thorndike Street  
Cambridge, MA  02141-1764  
(617) 252-6575

prez\ins\p\JointConferenceStatement-APK4-4.doc